## W. T. PYNE v. W. E. EDWARDS.

[Abstract Kentucky Law Reporter, Vol. 7—367.]

**Negotiations Merge in Complete Written Contract.**

Where parties have reduced their agreement to writing in such terms that there is no uncertainty as to its object or extent it must be conclusively presumed to state the entire contract, but where it appears upon its face or by its purport that only a part of the contract has been stated, or that it is incompletely expressed and held unintelligible, parol evidence may be resorted to to ascertain the entire contract.

**Acceptance of Work Under Contract.**

Where one contracts to furnish machinery and install it in the purchaser's building, the fact that the owner of the building made some use of the mill will not constitute an acceptance of the job and be a waiver of the right to claim damages for a noncompliance with the contract. The buyer is not required to abandon his own property.

APPEAL FROM GREEN CIRCUIT COURT.

November 24, 1885.

OPINION BY JUDGE HOLT:

The appellant, W. T. Pyne, seeks to enforce his lien as a materialman for the sum of $762.90, which he alleges is due him as a balance for mill machinery furnished by him to the appellee, W. E.

Edwards, against it and the ground upon which the mill is situated. The only question involved is the proper amount of recovery. The commissioner of the lower court allowed him $641.38, but it rendered a judgment for only $428.90. The counterclaim, relied on by appellee is based by him upon the alleged statement that the machinery did not prove to be of the quality represented; that the work done in putting it up was defective, and not completed within the contract period; that it would not do the quantity of grinding which the appellant had warranted; and in short that it was not a first class flouring mill as the appellee alleges the appellant had agreed it should be. The answer sets out in detail the alleged failures upon the appellant's part, and we have only stated them in a general way. It appears that the appellant, who is a vendor of mill fixtures, was to furnish the appellant all the machinery for a flouring mill, save a water wheel. During the negotiation of the trade the appellant made out an itemized statement of the necessary articles and their estimated cost, including the cost of their erection, but it was not signed by the parties, and after the trade had been made, and just as the appellant was leaving, he at the request of the appellee gave the latter a copy of it.

It is now insisted for the appellant that this memorandum, in the absence of an allegation of fraud or mistake, must be held to evidence the entire contract; and that he is entitled to recover the amount of it. It is true that, where parties have reduced their engagement to writing in such terms that there is no uncertainty as to its object or extent, it must be conclusively presumed to state the entire contract.

But upon the other hand, where it appears upon the face of the writing or by its purport it appears that only a part of the contract has been stated, or it is so incompletely expressed as to be unintelligible, then extrinsic parol evidence may be resorted to for the purpose of ascertaining the entire contract. In this instance there was but a mere memorandum of items and their cost. It does not purport to be the entire contract, as the parol testimony conclusively so shows. It is clearly shown by the testimony and is virtually admitted by the appellant that it was a part of the contract that the machinery was to be of such quality and so erected by him that the result should be a first class flouring mill, which would grind from six to eight bushels of wheat per hour, at the same time regrinding

the shorts and middlings. Whether he complied with the contract upon his part, and if he did not then the extent of damage arising therefrom to the appellee, were questions of fact, which were passed upon by the lower court upon conflicting evidence of such a character that we are not authorized to disturb its judgment.

This is also true as to the claim of the appellant to pay for certain work done by him in the erection of the machinery, which he claims the appellant was to do, but did not do it. The machinery was in the mill house of the appellee and upon his land. The fact that he under such circumstances made some use of the mill did not constitute an acceptance of the job and a waiver of the right to claim damages for a noncompliance with the contract by the appellant. He was not required to abandon his property. It clearly appears that the appellee from the outset objected to the work, and claimed that the appellant had not complied with the contract. Upon this ground he refused when the work was finished to execute his notes for the balance owing to the appellant, as he had agreed to do by the contract.

If the machinery was not of the contract quality, or if the work was defectively done or not within the time agreed upon, yet the appellant had the right to recover upon a quantum meruit, subject, however, to be lessened by any damages sustained by the appellee for the appellant's failure to comply with the contract.

Judgment *affirmed.*

*Ward & Henry, for appellant.*

*D. T. Towles, for appellee.*